UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DARRYL LAMONT YOUNG, and<br>AQEELAH NGIESHA WILLIAMS,<br><br>Defendants. | CASE NO. 2:24-cr-00176-JNW<br><br>ORDER ON MOTIONS IN LIMINE |

## 1. INTRODUCTION

This matter comes before the Court on the parties' motions in limine. The Government moves to permit impeachment of Defendant Darryl Lamont Young with certain prior convictions and to exclude any reference to Defendant Aqeelah Ngiesha Williams's lack of criminal history, Dkt. No. 150; the Government separately moves to regulate the trial conduct of pro se Defendant Young, Dkt. No. 154; and Defendant Williams moves to exclude three categories of evidence, Dkt. No. 144, which the Government opposes, Dkt. No. 156. Having considered the motions, responses, and the record, and being fully informed, the Court ORDERS as explained below.

ORDER ON MOTIONS IN LIMINE - 1

## 2.  BACKGROUND

A grand jury charged Darryl Young and his codefendant, Aqeelah Ngiesha Williams, in a fourteen-count Superseding Indictment with one count of conspiracy to commit wire fraud, 18 U.S.C. § 1349 (Count 1); one count of conspiracy to commit aggravated identity theft, 18 U.S.C. § 371 (Count 2); six counts of wire fraud, 18 U.S.C. §§ 1343 and 2 (Counts 3–8); and six counts of aggravated identity theft, 18 U.S.C. §§ 1028A and 2 (Counts 9–14). Dkt. No. 53.

The Government alleges that, between about December 2021 and about October 2024, Young and Williams defrauded seriously ill, elderly veterans hospitalized in intensive-care units, their emergency contacts, and others, by fraudulently obtaining victims' personal identifying and financial information and using it to access the victims' accounts. The Government further alleges that Young, who was in custody on unrelated charges during much of the relevant period, used recorded jail calls to advance the scheme. Trial is scheduled to begin on July 7, 2026.

By separate orders, the Court has denied Williams's motion to sever her trial from Young's, Dkt. No. 107, and her motion to suppress her post-arrest statements, Dkt. No. 108. Dkt. Nos. 172, 173. The Court incorporates those rulings by reference and does not revisit them here.

## 3.  LEGAL STANDARD

"A motion in limine is a procedural mechanism to limit in advance [of trial] testimony or evidence in a particular area." *United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009). Motions in limine must identify the specific evidence sought to

ORDER ON MOTIONS IN LIMINE - 2

be excluded and detail the reasoning for inadmissibility. *United States v. Lewis*, 493 F. Supp. 3d 858, 861 (C.D. Cal. 2020). Although they are usually used to exclude evidence, they may also be used to admit certain evidence. *See Piper Aircraft Corp. v. Wag-Aero, Inc.* 741 F2d 925, 930 (7th Cir. 1984).

Trial courts possess broad discretion when ruling on motions in limine. *Harper v. City of Los Angeles*, 533 F.3d 1010, 1030 (9th Cir. 2008) (citing *Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 384 (2008)). Denial of a motion in limine does not guarantee admission of contested evidence, but merely indicates that without trial context, the court cannot make a proper determination regarding exclusion. *See Heller*, 551 F.3d at 1111–12. And if the court grants a motion in limine, it may still revisit its earlier ruling based on the events at trial. *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000) ("[I]n limine rulings are not binding on the trial judge, and the judge may always change his mind during the course of a trial.").

### 4.  THE GOVERNMENT'S MOTIONS IN LIMINE

The Court rules as follows on the Government's motions in limine.

### 4.1    The Government's motion to impeach Defendant Young with prior convictions (motion in limine one).

Should Young testify, the Government seeks to impeach him with a 2017 North Carolina misdemeanor for a fraudulent identification document and several 2021 felonies for vehicle- and property-related offenses. Dkt. No. 150 at 2. The motion is GRANTED IN PART. The 2017 conviction is a crime of dishonesty, so its admission is mandatory. Fed. R. Evid. 609(a)(2). The 2021 felonies are admissible

ORDER ON MOTIONS IN LIMINE - 3

under Rule 609(a)(1)(B) because they are recent and Young's credibility will be central if he testifies. But because those offenses bear only modestly on truthfulness and resemble a charged scheme of theft by fraud, the Government may use only the fact, date, and felony status of each—omitting collateral details and circumstances—and may not present them cumulatively. *See United States v. Osazuwa*, 564 F.3d 1169, 1175 (9th Cir. 2009). This ruling applies only if Young testifies and the Court will entertain a limiting instruction.

**4.2     The Government's motion to exclude reference to Defendant Williams's lack of criminal history (motion in limine two).**

The Government moves to preclude Williams from offering evidence or argument that she has no prior criminal history. Dkt. No. 150 at 5. The motion is GRANTED. Good character may be shown only through reputation or opinion testimony, not specific instances or the absence of prior bad acts, unless character is an essential element of a charge or defense. Fed. R. Evid. 405. A clean record is neither, and character is not an essential element here. The evidence also has scant probative value and invites an appeal to jury sympathy. Fed. R. Evid. 403. Williams may not introduce her lack of criminal history or argue that it makes the charged conduct less likely.

**4.3     The Government's motion regarding the conduct of pro se Defendant Young.**

Because Young represents himself, the Government moves to bar him from (a) putting facts before the jury except from the witness stand, under oath and subject to cross-examination, and (b) referring to the sentence or other consequences

ORDER ON MOTIONS IN LIMINE - 4

of conviction. Dkt. No. 154. The motion is GRANTED. Self-representation is not a license to disregard the rules that bind every litigant, *Faretta v. California*, 422 U.S. 806, 834 n.46 (1975), including that a witness testify to facts only under oath, Fed. R. Evid. 603. Young may not inject his own factual account through questions, statements, or argument. And because punishment is for the Court, not the jury, no party may refer to the sentence or collateral consequences either Defendant may face. *Shannon v. United States*, 512 U.S. 573, 579 (1994). The Court will give a curative instruction if needed.

## 5.  DEFENDANT WILLIAMS'S MOTIONS IN LIMINE

The Court rules as follows on Williams's motions in limine.

**5.1    Williams's motion to exclude her arrest video (motion in limine one).**

Williams moves to exclude the body-worn-camera recording of her October 4, 2024, arrest as irrelevant and as unfairly prejudicial under Rule 403 because she appears handcuffed. Dkt. No. 144. The motion is DENIED. The admissibility of the recorded statements is resolved by the Court's separate suppression order; the question here is the recording itself. It is relevant, as it captures statements the Court has held admissible and lets the jury compare Williams's voice with the female voice on the jail calls. Williams's sole claim of prejudice—the handcuffs— does not substantially outweigh that value because footage of a defendant restrained shortly after a lawful arrest does not signal any determination of guilt, and any residual concern can be met by a limiting instruction. Fed. R. Evid. 403; *see United States v. Romero*, 282 F.3d 683, 688 n.1 (9th Cir. 2002).

ORDER ON MOTIONS IN LIMINE - 5

This ruling should not be construed as preadmitting the recording. Much of it is a logistical exchange and personal conversation untethered to any contested issue.

### 5.2    Williams's motion to exclude jail calls.

Williams moves to exclude eleven recorded jail calls between herself and Young as falling outside the charged dates, containing irrelevant conversation and third-party references, and including sexually explicit material. Dkt. No. 144. The motion is DENIED.

Williams does not identify specific portions of the calls she seeks to exclude, which alone defeats the motion. It fails on its merits as well. The Government represents that it will offer only two short sets of clips about two other fraud schemes Young and Williams discussed, and play only the fraud-related portions, Dkt. No. 156—resolving the irrelevant- and explicit-content objections. The date objection fails on its own terms because the clips fall within the charged December 2021 to October 2024 period. And because the clips are offered for non-propensity purposes bearing on intent and knowledge, see Fed. R. Evid. 404(b)(2), Williams has not shown them inadmissible on all potential grounds. She may renew objections and request a limiting instruction at trial.

### 5.3    Williams's motion to exclude the case agent's "mentee" characterization.

Williams moves to preclude the case agent from describing her as Young's "mentee" as irrelevant and unsupported. Dkt. No. 144. The motion is DENIED, subject to one limitation. Each Defendant's role in the charged conspiracy is

ORDER ON MOTIONS IN LIMINE - 6

relevant, and the Government proffers calls in which Young says he had "decided to train" Williams—an ample factual basis to apply the mentee label.

### 6. CONCLUSION

Accordingly, the Court GRANTS in part and DENIES in part the parties' motions in limine, Dkt. Nos. 144, 150, and 154, as explained above.

The parties must comply with the Court's rulings at trial. If questions arise about the application or scope of the Court's rulings, they should be addressed outside the presence of the jury.

The Clerk is directed to send a copy of this Order to Young.

Dated this 24th day of June, 2026.

Jamal N. Whitehead
United States District Judge

ORDER ON MOTIONS IN LIMINE - 7